553 So.2d 513 (1989)
MISSISSIPPI JUDICIAL PERFORMANCE COMMISSION
v.
Ray E. COLEMAN, Sr., Justice Court Judge.
No. 89-CC-883.
Supreme Court of Mississippi.
November 15, 1989.
*514 Luther T. Brantley III, Mississippi Com'n on Judicial Performance, Jackson, for petitioner.
No Brief filed for respondent.
En Banc:
PRATHER, Justice, for the Court:
This case is before us upon the recommendation of the Mississippi Commission on Judicial Performance that Ray E. Coleman, Sr., a Justice Court Judge for the Western District of Claiborne County, Mississippi be removed from office. This Court concurs with the finding of the Commission that the conduct of Coleman constituted willful misconduct in office and accepts the recommendation of the Commission that Coleman be removed.

I.
By concurrent resolution passed in 1979, the Legislature submitted to the people of Mississippi a proposed amendment to Article VI of the Mississippi Constitution of 1890 by adding section 177A, which was ratified by the electorate November 6, 1979, and thereafter became a part of the Mississippi Constitution. This constitutional section has been implemented by legislative enactments providing for a Commission on Judicial Performance with authority to promulgate procedures for its administration. Miss. Code Ann. § 9-19-1 et seq. (Supp. 1989). The Mississippi Commission on Judicial Performance was duly appointed and constituted and under authority of the above code section promulgated and adopted rules of practice and procedure which were approved by order of this Court on July 9, 1980, a complete copy of the rules of the Commission being recorded at 385 So.2d at XXII-XXXV. Thus the constitutional and statutory authority authorizing this Court to consider and act on this request is clear.
On March 13, 1989, the Commission on Judicial Performance filed a formal complaint charging the respondent, Ray E. Coleman, Sr., Justice Court Judge, Western District of Claiborne County, Mississippi, with judicial misconduct constituting a violation of § 177A of the Mississippi Constitution of 1890. Specifically, the complaint charged that the judge in his official capacity, did take under color of his office, fines and fees from one Lenair Chess in the amount of $545.00, and failed to remit the same to the Clerk of the Claiborne County Justice Court. When contacted by the Justice Court Clerk, the respondent gave a check in the amount of $550.00, knowing that the same was written on a closed account. As of the date of the hearing before the Commission, the respondent had not paid the $545.00 to the Justice Court Clerk, nor has he tendered the same to the Commission to the date of the formal hearing.
The amended complaint against the respondent also charges a second incident on May 7, 1988, when the respondent, in his official capacity as Justice Court Judge, collected fines or fees from one Fred Carr in the amount of $276.00 without authority to do so. After having received said fine and fees from Mr. Carr, the respondent failed to remit the same to the Clerk of the Claiborne County Justice Court and had not paid the same as of the date of the hearing before the Commission. The complaint therefore charged the respondent with violation of Miss. Code Ann. § 25-4-105(1) (Supp. 1989) by using his official position as Justice Court Judge to obtain *515 pecuniary benefit for himself. In addition to the above the Commission charged the respondent with violations of Canons 1, 2 A, 2 B, 3 A(1), and 3 B(1) of the Code of Judicial Conduct of Mississippi Judges, which canons are attached as an exhibit to this complaint as exhibit A.
That upon receipt of the complaint of the Commission, the respondent filed a response acknowledging receipt of the amount of $545.00 from Mr. Lenair Chess for the fine of "headlighting", but denied that there was any intent to use this money for his own personal use as evidenced by his giving of a written receipt to Mr. Chess. The response also further stated that he placed said funds in an envelope within the desk drawer located in the Justice Court Office and had not seen said funds to the date of the response. Asking that the Commission might grant him some reprieve, the response stated the respondent accepted full responsibility for the taking of the fine, acknowledged his error in doing so, and asked for permission to reimburse the court system and retain his present position as Justice Court Judge. The respondent did not file a response to the amended complaint.
On June 9, 1989, the Commission on Judicial Performance had a formal hearing at which time the respondent was present personally. He was not represented by counsel and knowingly and voluntarily waived his right to counsel before the Commission. At the conclusion of the formal hearing the Commission made findings of facts that the respondent had taken monies without authority of law and failed to remit them to the Clerk of the Claiborne County Justice Court in both of the two named incidences herein. The finding of the Commission also found the respondent guilty of violation of the Code of Judicial Conduct, specifically Canons 1, 2 A, 2 B, 3 A(1), and 3 B(1). The Commission, therefore, concluded as a matter of law that the conduct of the respondent constituted willful misconduct in office in violation of the Constitution § 177A and Miss. Code Ann. § 25-4-105(1) (Supp. 1989) by clear and convincing evidence. The Commission, therefore, recommended to the Mississippi Supreme Court that Ray E. Coleman, Sr. be removed from office pursuant to the above constitutional and statutory authority.

III.
The constitutional and statutory authority of the Commission on Judicial Performance has been outlined in the case of In Re [Lloyd] Anderson, 412 So.2d 743 (Miss. 1982). Among the rules of the Commission, as recorded in 385 So.2d at XXII-XXXV is a rule 10E which contains the scope of our review of these proceedings, which is as follows:
Based upon a review of the entire record, the Supreme Court shall prepare and publish a written opinion and judgment directing such disciplinary action, if any, as it finds just and proper. The Supreme Court may accept, reject, or modify, in whole or in part, the findings and recommendation of the Commission. In the event that more than one (1) recommendation for discipline of the judge is filed, the Supreme Court may render a single decision or impose a single sanction with respect to all recommendations.
Among the types of official conduct condemned by section 177A are:
(b) willful misconduct in office; and
(e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute.
This Court, in the case of In Re [Lloyd] Anderson, 412 So.2d 743, 745 (Miss. 1982), citing a North Carolina case, styled In re Nowell, 293 N.C. 235, 237 S.E.2d 246, 255 (1977), accepted the willful conduct in office definition of that Court in these words:
Willful misconduct in office is the improper or wrongful use of the power of his office by a judge acting intentionally, or with gross unconcern for his conduct, and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a *516 finding of bad faith. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith... .
Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute.
The Commission in the case at bar found by clear and convincing evidence that the respondent Coleman had utilized the criminal processes to collect fines and fees, that he had failed to properly account for said fines, and had converted them to his own use, thereby receiving pecuniary benefit. The alleged conduct was admitted by the respondent in his reply. Although requesting permission to make restitution to the county for said fines and remain in office, the respondent has not paid the said fine money collected by him into the county treasury to this date. The Commission found that the respondent's conduct constituted willful misconduct in office, willful and persistent failure to perform the duties of his office, and conduct prejudicial to the administration of justice.
Upon review of the cases before this Court involving a requested removal of a public official from a judicial post, this Court finds that in the case of In Re [Lloyd] Anderson, 412 So.2d 743 (Miss. 1982) this Court removed Anderson from office for misconduct involving a conversion of litigant's money in an aggregate sum not exceeding $50.00. This Court likewise enforced removal of Judge Anderson for conversion of $214.00 in criminal fine money due his county. In another case, In Re Garner, 466 So.2d 884 (Miss. 1985), this Court removed Judge Garner from office upon his admission of converting approximately $3700.00 in public funds for a three or four year period. See also, In Re Brown, 458 So.2d 681, 682 (Miss. 1984); In Re (William) Anderson, 451 So.2d 232, 233-234 (Miss. 1984). In all of these cases this Court has removed judges from public office for failure to report public monies coming into their hands.
After an independent examination of the record of this case and the precedents previously established, this Court concurs in the finding of fact of the Commission on Judicial Performance that, by clear and convincing evidence, respondent Ray E. Coleman, Sr. was shown to have violated the duties imposed upon him by law and the Code of Judicial Conduct in the specific counts charged. Canons 1, 2 A, 2 B, 3 A(1) and 3 B(1). The recommendation of removal from office as Justice Court Judge of the Western District, Claiborne County, Mississippi, is accepted and the removal of Ray E. Coleman, Sr. ordered.
This opinion shall constitute notice of removal of Ray E. Coleman, Sr. The Clerk of the Mississippi Supreme Court shall forward an attested copy of this opinion to the Secretary of State of Mississippi and State Auditor of Mississippi.
REMOVAL OF RAY E. COLEMAN, SR., JUSTICE COURT JUDGE, WESTERN DISTRICT, CLAIBORNE COUNTY, MISSISSIPPI IS HEREBY ORDERED AND DIRECTED THIS DATE.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.

EXHIBIT A
CANON 1
A Judge Should Uphold the Integrity and Independence of the Judiciary.
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code *517 should be construed and applied to further that objective.
CANON 2
A Judge Should Avoid Impropriety and the Appearance of Impropriety in All His Activities.
(A) A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
(B) A judge should not allow his family, social, or other relationships to influence his judicial conduct or judgment. He should not lend the prestige of his office to advance the private interests of others; nor should he convey or permit others to convey the impression that they are in a special position to influence him. He should not testify voluntarily as a character witness.
CANON 3
A Judge Should Perform the Duties of His Office Impartially and Diligently.
The judicial duties of a judge take precedence over all his other activities. His judicial duties include all the duties of his office prescribed by law. In the performance of these duties, the following standards apply:
A. Adjudicative Responsibilities.
(1) A judge should be faithful to the law and maintain professional competence in it. He should be unswayed by partisan interests, public clamor, or fear of criticism.
B. Administrative Responsibilities.
(1) A judge should diligently discharge his administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court officials.