644 So.2d 458 (1994)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Curtis UNDERWOOD.
No. 94-CC-0284.
Supreme Court of Mississippi.
October 20, 1994.
*459 Luther T. Brantley, III, Jackson, for petitioner.
Leland H. Jones, III, Greenwood, for respondent.
En Banc.
McRAE, Justice, for the Court:
This proceeding comes to this Court via a joint motion filed by the Mississippi Judicial Performance Commission (hereinafter the "Commission") and CURTIS Underwood requesting that this Court accept the findings of fact and recommendation for discipline made by the Commission against Curtis Underwood, Justice Court Judge of the Northern District of Leflore County. This joint motion is well taken, and as such, Judge Underwood is publicly reprimanded and fined two hundred fifty dollars ($250.00). This public reprimand is forwarded to the Circuit Court of Leflore County to be read in open court on the first day of the next court term by the presiding circuit court judge.

PROCEDURAL HISTORY
The Commission filed a formal complaint on August 31, 1993, against Curtis Underwood, Justice Court Judge of the Northern District of Leflore County, and on September 30, 1993, Underwood filed an answer to the formal complaint. A hearing was held on February 7, 1994 before a committee of the Commission consisting of John C. Love, a member of the Commission, Attala County Justice Court Judge Robbie Robertson and Margaret Steele, a lay member of the Commission. At the hearing, counsel for the Commission and counsel for Underwood entered into an agreed statement of the facts and proposed recommendation. On February 11, 1994, the committee filed its findings of fact and recommendation that Underwood be publicly reprimanded and fined $250.00, and on March 11, 1994, the full Commission adopted the committee's findings and recommendation.

STATEMENT OF THE FACTS
At the inception of the February 7, 1994 hearing, both parties stipulated to certain facts and violations of the Code of Judicial Conduct. Underwood testified and presented additional evidence for the panel to consider.
On February 28, 1991, Jimmy and Sally Link filed a civil suit against Jeanette and Donald Farmer in the Justice Court of Leflore County stemming from an open account in the amount of $1,000.00. On April 10, 1991, Jeanette appeared in court, but Donald did not. Judge Underwood entered judgment in the amount of $1,041.50 (court costs included) against Jeanette and Donald Farmer but wrote "hold judgment" on the docket. Underwood explained that, through his actions, he was attempting to give Jeanette Farmer an opportunity to prove that she did not owe the money as she claimed.
After entry of judgment, the Links attempted to execute upon their judgment against the Farmers by filing garnishments against both Jeanette and Donald Farmer, but had no success. After numerous failures, Sally Link contacted Underwood and complained. The Commission, however, found that there was no evidence that his direction to "hold judgment" had any effect of the Link's ability to collect the judgment.
Sometime in 1993 and after other complaints by the Links, Judge Underwood changed the judgment to show that it was against Donald Farmer only. Underwood testified that he intended the change to indicate that the judgment was to be equally divided between Jeanette Farmer and Donald Farmer, each owing $500.00. Underwood testified this change was partially caused by ex parte communications with Jeanette Farmer.
Both the Commission and Underwood agree that his conduct as set forth above violated Cannons 1, 2 & 3 of the Code of Judicial Conduct. The Commission in its findings of fact concluded:
Clearly his direction in 1991 that the judgment be held was improper, and even more clearly his attempt to change the *460 judgment in 1993 was most improper ... Further he offered no valid reason for changing the judgment.
There is no doubt these actions were improper and violated Canon 2 of the Code of Judicial Conduct. He admits his Judicial actions were influenced by ex parte communications in violation of Canon 3(a). His failure to properly maintain his docket and to know what was required before he could change the terms of the judgment revealed a failure to discharge his administrative duties and a failure to maintain professional competence in violation of Canon 3(b).

DISCUSSION OF LAW
In judiciary discipline proceedings, the appropriate standard of review stems from Rule 10(E) of the Rules of the Mississippi Commission on Judicial Performance, which states:
Based upon a review of the entire record, the Supreme Court shall prepare and publish a written opinion and judgment directing such disciplinary action, if any, as it finds just and proper. The Supreme Court may accept, reject, or modify, in whole or in part, the findings and recommendation of the Commission. In the event that more than one (1) recommendation for discipline of the judge is filed, the Supreme Court may render a single decision or impose a single sanction with respect to all recommendations.
This Court, however, is not bound by the Commission's findings, but the findings are given great deference when surrounded by clear and convincing evidence. Mississippi Commission on Judicial Performance v. Chinn, 611 So.2d 849, 850 (Miss. 1992). See Mississippi Judicial Performance Commission v. Coleman, 553 So.2d 513, 515 (Miss. 1989); In Re Inquiry Concerning Garner, 466 So.2d 884, 885 (Miss. 1985).
A number of mitigating factors may be considered in this Court's determination of whether a public reprimand is a suitable sanction, including:
the length and character of the judge's public service, any positive contributions made to the courts and community by the judge, the fact that there is no prior judicial precedent of the issue in question, a judge's commitment to fairness and innovative procedural reform, the magnitude of the alleged misconduct, and the number of persons who have been affected by the misconduct, and whether the misconduct involved moral turpitude.
Mississippi Judicial Performance Commission v. Hopkins, 590 So.2d 857, 862 (Miss. 1991).
In reviewing the agreed statement of facts and proposed recommendation presented at the February 7, 1994 hearing, several mitigating factors are found that weigh in Underwood's favor. Underwood's conduct did not involve moral turpitude nor did the Commission believe that this conduct would recur in the future. Underwood has dutifully served as justice court judge for twelve years and has been actively involved in leadership roles in the Justice Court Officers Association.
However, in In re Mullen, 530 So.2d 175 (Miss. 1988), this Court publicly reprimanded, fined and suspended a justice court judge, who had among other things, altered a judgment. Mullen, 530 So.2d at 176. Mullen changed the docket book, randomly issued and stopped garnishments, held ex parte hearings, misled the public about money judgments in existence, did not allow a debtor to repossess his replevied property as permitted by law, purchased the replevied property himself and concealed the purchase by placing title in another's name. Id. at 178. Mullen's disreputable actions undoubtedly are far more severe than those of Underwood. Nevertheless, all judges must be cognizant of the fact that they cannot on their own volition alter final judgments, especially when changed because of ex parte communications.
This Court is vested with great discretion in determining whether to accept the joint motion, and since it is undisputed that Judge Underwood and the Commission agreed upon the imposition of a public reprimand and a $250.00 fine, this Court accepts the joint motion. Therefore, Judge Underwood is publicly reprimanded and fined $250.00. A copy of this opinion is forwarded to the Circuit *461 Court of Leflore County with instructions that the presiding circuit court judge read this opinion in open court with Judge Underwood present.
THE JOINT MOTION OF THE MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE AND CURTIS UNDERWOOD FOR CURTIS UNDERWOOD TO BE PUBLICLY REPRIMANDED AND PAY A FINE IS GRANTED. JUDGE CURTIS UNDERWOOD SHALL BE PUBLICLY REPRIMANDED AND IS HEREBY FINED $250.00
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, ROBERTS and SMITH, JJ., concur.