932 So.2d 9 (2006)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Cecil COLE.
No. 2005-JP-02122-SCT.
Supreme Court of Mississippi.
June 8, 2006.

*10 ORDER

¶ 1. Before this Court is the Amended Agreed Statement of Facts and Proposed Recommendation filed October 11, 2005, by the Commission, counsel for Tate County Justice Court Judge Cecil Cole, and Judge Cole himself. The Agreement proposed sanctions of a public reprimand and assessed costs in the sum of $100.00.

FACTS
¶ 2. On September 5, 2004, Judge Cole's grandson, Justin G. Shaw, was arrested and charged with DUI (1st), careless driving, leaving the scene, and possession of beer. At the time, Shaw was on probation for accessory after the fact in connection with a murder. On October 10, 2004, Judge Cole, in his official capacity as Justice Court Judge of Tate County, entered an order reinstating Shaw's driver's license pending the Court's disposition of the charges against him. On October 26, 2004, Judge Cole and Tate County Justice Court Judge Albert Embry, recused themselves from presiding over the charges against Shaw citing Canon 3E(1)(a) of the Code of Judicial Conduct and Rule 1.10 of the Uniform Rules of Procedure for Justice Court.
¶ 3. Shaw later pled nolo contendere to all charges against him in Tate County Justice Court before Justice Court Judge James Appleton of Panola county, who was appointed to hear the case. Shaw's probation was then revoked on the accessory charge by Judge Appleton. Judge Cole approached the Tate County Sheriff in an attempt to have Shaw serve his sentence in the Tate County Adult Detention Facility instead of a state facility. His efforts were unsuccessful.

STANDARD OF REVIEW
¶ 4. While we conduct a de novo review of judicial misconduct proceedings, we give deference to the recommendations of the Mississippi Commission on Judicial Performance and their findings when based on clear and convincing evidence. Miss. Comm'n on Judicial Performance v. Hartzog, 904 So.2d 981, 984 (Miss.2004) (citing Miss. Comm'n Judicial Performance v. Gunn, 614 So.2d 387, 389 (Miss. 1993)). Because we have the sole power to impose sanctions for judicial misconduct as the trier of fact, we must render an independent judgment. Id.

ANALYSIS
¶ 5. We now consider the appropriate factors for imposition of sanctions in judicial misconduct proceedings. Id. at 985 (Miss.2004) (citing Miss. Comm'n on Judicial Performance v. Gibson, 883 So.2d 1155, 1158 (Miss.2004)).

1. The Length and Character of Judge Cole's Public Service.
¶ 6. Judge Cole has been in his current position since 2000 and has not been the subject of disciplinary actions before. See Miss. Comm'n on Judicial Performance v. Williams, 880 So.2d 343, 347 (Miss.2004) (finding length and character of service may be considered as a mitigating factor when determining appropriate judicial sanction).

2. Prior Case Law on Point.
*11 ¶ 7. We find sanctions like the ones suggested by the Commission to be appropriate in cases with factually similar circumstances. In Mississippi Commission on Judicial Performance v. Brown, 761 So.2d 182 (Miss.2000), we held a public reprimand and a fine of $500 plus court costs were appropriate sanctions for a Winston County Justice Court judge's ex parte contacts with an arresting officer, an officer supervisor, and another judge concerning the DUI case of the justice court judge's son. We also held, in Mississippi Commission on Judicial Performance v. Boykin, 763 So.2d 872 (Miss.2000), that a public reprimand and a monetary fine were suitable sanctions for the ticket-fixing of traffic tickets and holding ex parte communications with defendants by a justice court judge.

3. The Magnitude of the Offense and the Harm Suffered.
¶ 8. Judge Cole's actions in ordering that his grandson's driver's license be reinstated pending the disposition of his grandson's charges concerning careless driving, leaving the scene of an accident, possession of beer, and a DUI gave the perception that he was lending the prestige of his office to advance the private interests of anotherin this case a member of Judge Cole's family. Judge Cole inappropriately contacted the Tate County Sheriff regarding the housing of his grandson in the county jail rather than a state facility. Additionally, Judge Cole should not have involved himself in any facet of the pending matters and should have recused himself from any matters involving a relative. See Brown, 761 So.2d 182 (finding that attempts by judge to contact officials involved in his son's DUI case was inexcusable use of official capacity for personal reasons).

4. Whether the Misconduct is an Isolated Incident or Evidences a Pattern of Conduct.
¶ 9. This is an isolated event, and Judge Cole has not evidenced any pattern of troubling conduct.

5. Whether "Moral Turpitude" was Involved.
¶ 10. While there is no specific evidence of any moral turpitude in Judge Cole's actions, we recognize the seriousness of any judicial officer abusing their position for personal reasons.

6. The Presence or Absence of Mitigating or Aggravating Circumstances.
¶ 11. Concerning any mitigating factors, Judge Cole asserts, without corroboration, that his contact with the Tate County Sheriff was an attempt to prevent his grandson from being housed in the same state facility as the individual convicted of murder in the same matter for which his grandson was convicted of accessory after the fact. Judge Cole contends his grandson's testimony led, in part, to the conviction of the murderer. Judge Cole's justifications, however, do not excuse his misconduct.
¶ 12. By reinstating Shaw's license and making attempts to have Shaw placed in a Tate county detention facility rather than a state facility, Judge Cole violated Canons 1, 2A, 2B, 3B(2), 4(A)1, 4(A)2, and 4(A)3 of the Code of Judicial Conduct of Mississippi. Additionally, by engaging in conduct constituting willful misconduct in office and conduct prejudicial to the administration of justice by bringing the judicial office into disrepute, Judge Cole's behavior was actionable under § 177A of the Mississippi Constitution of 1890. Judge Cole's conduct is troubling. However, in light of Judge Cole's actions in cooperating with the Commission and after considering past *12 precedent, we accept the Commission's recommendation.
¶ 13. IT IS THEREFORE ORDERED that, effective upon entry of this order, Cecil Cole, Justice Court Judge of Tate County, shall be publicly reprimanded for his actions in violation of the Canons of the Code of Judicial Conduct of Mississippi and the Mississippi Constitution of 1890. The clerk is directed to send a copy of this order to the senior Circuit Court Judge presiding in Tate County with instructions to read this order in open court with Judge Cole present on the first Monday of the beginning of the next term of court after receipt of this order.
¶ 14. IT IS FURTHER ORDERED that, Judge Cecil Cole also be assessed costs in the sum of $100.00.
¶ 15. SO ORDERED.
/s/William L. Waller, Jr.
WILLIAM L. WALLER, JR., PRESIDING
JUSTICE
COBB, P.J., DISSENTS. DIAZ, J., NOT PARTICIPATING.