*168
 
 GRAVES, Presiding Justice,
 

 for the Court:
 

 ¶ 1. The Mississippi Commission on Judicial Performance (Commission) recommended that Chancellor Larry Buffington, Thirteenth Chancery Court District, be publicly reprimanded for judicial misconduct and assessed costs of the proceedings in the amount of $100. Judge Buffington and the Commission filed a Joint Motion for Approval of Recommendations Filed by the Mississippi Commission on Judicial Performance. This Court grants the joint motion for approval and adopts the recommendations of the Commission.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On January 6, 2009, Judge Buffing-ton issued an order appointing Oliver Diaz as Youth Court public defender in Simpson County. News of the appointment was released to the media. On February 2, 2009, Judge Buffington asked members of the Simpson County Board of Supervisors to appear before him on February 11, 2009, to determine who was upset about the appointment and who had released the information to the media. Two members of the board, William A. “Pete” Lowery and Randy Moore, indicated they would not appear as requested. Judge Buffing-ton, in his official capacity as chancellor, had subpoenas issued and served upon the two supervisors, commanding them to appear before the Chancery Court of Simpson County on February 11, 2009. The subpoenas did not indicate a title or cause number of any pending action. Lowery and Moore retained an attorney, Robert Andrew Taggart, who filed a Motion to Quash Subpoenas on February 10, 2009. The subpoenas were quashed by order of Judge Buffington on February 11, 2009. However, during the meeting with the board of supervisors on February 11, Judge Buffington admitted that he had failed to comply with the law, specifically Rule 45 of the Mississippi Rules of Civil Procedure, in issuing the subpoenas, and stated that he was unconcerned that he had failed to comply.
 

 ¶ 3. On April 1, 2009, the Commission filed a formal complaint charging Judge Buffington with judicial misconduct under Section 177A of the Mississippi Constitution of 1890, as amended, and the Mississippi Code of Judicial Conduct. Judge Buffington filed an answer on June 1, 2009. On May 4, 2010, the Commission and Judge Buffington submitted an Agreed Statement of Facts and Proposed Recommendation. The agreed statement was later accepted by the full Commission. On May 27, 2010, the Commission filed with this Court the Commission Findings of Fact and Recommendation. On June 28, 2010, Judge Buffington and the Commission then filed a Joint Motion for Approval of Recommendations Filed by the Mississippi Commission on Judicial Performance with an accompanying memorandum brief.
 

 ANALYSIS
 

 ¶ 4. Judicial misconduct proceedings are reviewed de novo, giving considerable deference to the findings, based on clear and convincing evidence, and the recommendations of the Commission.
 
 Miss. Comm’n on Judicial Performance v. Boland,
 
 975 So.2d 882, 888 (Miss.2008) (citing
 
 Miss. Comm’n on Judicial Performance v. Boykin,
 
 763 So.2d 872, 874 (Miss.2000)). However, this Court is obligated to conduct an independent inquiry.
 
 Id.
 
 (citing
 
 Miss. Comm’n on Judicial Performance v. Neal,
 
 774 So.2d 414, 416 (Miss.2000)). Though the Commission’s findings are considered, this Court is not bound by its findings.
 
 Miss. Comm’n on Judicial Performance v. Whitten,
 
 687 So.2d 744, 746 (Miss.1997).
 

 
 *169
 
 ¶ 5. The Mississippi Constitution provides the following:
 

 On recommendation of the commission on judicial performance, the Supreme Court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for: (a) actual conviction of a felony in a court other than a court of the State of Mississippi; (b) willful misconduct in office; (c) willful and persistent failure to perform his duties; (d) habitual intemperance in the use of alcohol or other drugs; or (e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute; and may retire involuntarily any justice or judge for physical or mental disability seriously interfering with the performance of his duties, which disability is or is likely to become of a permanent character.
 

 Miss. Const. art. 6, § 177A.
 

 I. Whether Judge Buffington’s conduct constituted willful misconduct.
 

 ¶ 6. The Commission found by clear and convincing evidence that Judge Buff-ington had violated Canons 1, 2A, 3B(2), and 3C(1) of the Code of Judicial Conduct of Mississippi. Further, the Commission found by clear and convincing evidence that Judge Buffington had engaged in willful misconduct in office and conduct prejudicial to the administration of justice which brings the office into disrepute, under Section 177A of the Mississippi Constitution of 1890, as amended.
 

 ¶ 7. This Court has said:
 

 Willful misconduct in office is the improper or wrongful use of power of his office by a judge acting intentionally or with gross unconcern for his conduct and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith.... Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute.
 

 Miss. Comm’n on Judicial Performance v. Carr,
 
 786 So.2d 1055, 1058-59 (Miss.2001) (quoting
 
 Mississippi Comm’n on Judicial Performance v. Russell,
 
 691 So.2d 929, 937 (Miss.1997)).
 

 ¶ 8. Judge Buffington admitted that he had failed to comply with the law in issuing the subpoenas and stated that he did not care that he had failed to comply with the law. Judge Buffington has agreed to the Commission’s recommendations and has joined the Commission’s motion for approval of the recommendations. Therefore, Judge Buffington acknowledges that his actions constituted willful misconduct in office prejudicial to the administration of justice which brought the judicial office into disrepute. Accordingly, no further findings are necessary on this issue.
 

 II. Appropriate Sanctions for Judge Buffington
 

 ¶ 9. In determining appropriate sanctions in judicial misconduct proceedings, this Court applies the following factors:
 

 
 *170
 
 (1) The length and character of the judge’s public service; (2) Whether there is any prior case law on point; (3) The magnitude of the offense and the harm suffered; (4) Whether the misconduct is an isolated incident or evidences a pattern of conduct; (5) Whether moral turpitude was involved; and (6) The presence or absence of mitigating or aggravating circumstances.
 

 Miss. Comm’n on Judicial Performance v. Gibson,
 
 883 So.2d 1155, 1158 (Miss.2004).
 

 ¶ 10. With regard to these factors, the record in this matter indicates that: (1) Judge Buffington has been a chancery court judge since 1995; (2) There is a prior case on point.
 
 See Miss. Comm’n on Judicial Performance v. Jenkins,
 
 677 So.2d 171 (Miss.1996) (this Court accepted recommendation of public reprimand where chancellor impropeidy issued subpoenas to nonparties to answer questions regarding rumors); (3) Judge Buffington violated Canons 1, 2A, 3B(2), and 3C(1) of the Code of Judicial Conduct of Mississippi. Judge Buffington further admitted that he had failed to comply with the law; (4) Judge Buffington has had two informal Commission actions and a private admonishment unrelated to this case; (5) Judge Buffing-ton stated that he knew the subpoenas did not comply with the applicable rules, but he did not care; and (6) Judge Buffington has agreed his actions were improper and has entered into an Agreed Statement of Facts and Proposed Recommendation without the requirement of a hearing. The record does not indicate any aggravating factors.
 

 ¶ 11. Based on Judge Buffington’s misconduct and his agreement with the Commission’s recommendation, we hereby grant the Joint Motion for Approval of Recommendations Filed by the Mississippi Commission on Judicial Performance. Further, we order that Judge Buffington be publicly reprimanded pursuant to Section 177A of the Mississippi Constitution of 1890, as amended, and assessed with costs of the proceeding in the amount of $100.
 

 ¶ 12. LARRY BUFFINGTON, CHANCERY COURT JUDGE OF THE THIRTEENTH DISTRICT CHANCERY COURT, SHALL BE PUBLICLY REPRIMANDED AND ASSESSED COSTS OF $100. THE PUBLIC REPRIMAND SHALL BE READ IN OPEN COURT BY THE PRESIDING JUDGE OF THE COVINGTON COUNTY CIRCUIT COURT ON THE FIRST DAY OF THE NEXT TERM OF THAT COURT IN WHICH A JURY VENIRE IS PRESENT AFTER THIS DECISION BECOMES FINAL.
 

 CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ„ CONCUR. WALLER, C.J., NOT PARTICIPATING.