763 So.2d 872 (2000)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Sherlene B. BOYKIN, Justice Court Judge.
No. 2000-JP-00079-SCT.
Supreme Court of Mississippi.
July 20, 2000.
*873 Luther T. Brantley, III, Jackson, Attorney for Appellant.
Sherlene B. Boykin, Appellee, pro se.
EN BANC.
MILLS, Justice, for the Court:
¶ 1. On June 21, 1999, the Mississippi Commission on Judicial Performance filed a formal complaint against Sherlene B. Boykin, Justice Court Judge, Southern District, Noxubee County, Mississippi, alleging judicial misconduct in violation of Article 6, Section 177A, Mississippi Constitution of 1890, as amended. Judge Boykin filed an answer to the formal complaint on July 9, 1999, admitting the judicial misconduct alleged in the formal complaint and waiving any requirement for a formal hearing. Judge Boykin and Counsel for the Commission entered into an Agreed Statement of Facts and Proposed Recommendation which was filed on November 22, 1999. On December 10, 1999, the Commission unanimously accepted and adopted the Agreed Statement of Facts and Proposed Recommendation.
¶ 2. The Commission's Findings of Fact and Recommendation were filed with this Court on January 14, 2000. Specifically, the Commission found that Judge Boykin's conduct violated Canons 1, 2 A, 2 B, 3 A(1), 3 (A)4, and 3 C(1) of the Code of Judicial *874 Conduct of Mississippi Judges. The Commission recommended to the Court that Judge Boykin be publicly reprimanded, fined $861.50, and assessed the costs of this proceeding. Upon review of the joint motion for approval of these recommendations and the brief filed in support thereof, we concur with the joint resolution and adopt the findings of fact and the agreed sanctions recommended to this Court.

STATEMENT OF FACTS
¶ 3. Beginning on or about February 9, 1998, and continuing at least through July 28, 1999, Judge Boykin, in her official capacity as justice court judge, engaged in the practice of dismissing traffic and other tickets based upon her ex parte communications with the defendant or other persons without notice to the officer or without a hearing or trial being held. During the time in question, approximately eleven cases were disposed of in this manner. Eight of these cases involved speeding; two involved expired motor vehicle inspection stickers; and one involved the absence of a motor vehicle license plate.
¶ 4. Judge Boykin has served as a justice court judge for twenty years, and this is the first formal complaint filed against her. There are no allegations that she in any way profited financially from the actions of which she is charged.

STANDARD OF REVIEW
¶ 5. "This Court conducts de novo review of judicial misconduct proceedings, giving great deference to the findings, based on clear and convincing evidence, of the recommendations of the Mississippi Judicial Performance Commission." Mississippi Comm'n on Judicial Performance v. Gunn, 614 So.2d 387, 389 (Miss.1993) (citations omitted). See also Mississippi Comm'n on Judicial Performance v. Dodds, 680 So.2d 180, 190 (Miss.1996); Mississippi Comm'n on Judicial Performance v. Peyton, 645 So.2d 954, 956 (Miss. 1994) (stating that while the Court does give great deference to the Commission's findings, it is also charged to render independent judgment); Mississippi Comm'n on Judicial Performance v. Ishee, 627 So.2d 283, 286 (Miss.1993).

ANALYSIS

I.

THE RESPONDENT'S CONDUCT CONSTITUTES WILLFUL MISCONDUCT IN OFFICE AND CONDUCT PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE WHICH BRINGS THE JUDICIAL OFFICE INTO DISREPUTE PURSUANT TO ARTICLE 6, SECTION 177A OF THE MISSISSIPPI CONSTITUTION.
¶ 6. Judge Boykin's conduct constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to Article 6, Section 177A of the Mississippi Constitution of 1890, as amended, as defined by this Court. Judge Boykin "fixed" eleven traffic tickets by dismissing them based upon ex parte communications with the defendants or other persons or for other reasons which were not entered into the docket or court file. These dismissals were accomplished without notice to the complaining officer, without a hearing or a trial, or otherwise outside of court.
¶ 7. As the Court held in In re Quick, 553 So.2d 522, 524-25 (Miss.1989):
Willful misconduct in office is the improper or wrongful use of power of his office by a judge acting intentionally, or with gross unconcern for his conduct and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of the judicial office to *875 accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith....
Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner so as to bring the judicial office into disrepute. In re Anderson, 412 So.2d 743, 745 (Miss. 1982) (quoting In re Nowell, 293 N.C. 235, 237 S.E.2d 246, 255 (1977) (emphasis in original)); see also In re Garner, 466 So.2d 884, 885 (Miss.1985); In re Stewart, 490 So.2d 882, 884 (Miss.1986); In re Collins, 524 So.2d 553 (Miss.1987). Moreover, this Court can generally recognize examples of such conduct when presented before the Court. Anderson, 412 So.2d at 752 (Hawkins, J., specially concurring).
¶ 8. The Commission found by clear and convincing evidence that Judge Boykin violated Canons 1, 2, and 3 of the Code of Judicial Conduct of Mississippi Judges. Whether this behavior was actually willful is of no consequence. As this Court held in In re Anderson, 451 So.2d 232, 234 (Miss.1984):
While the conduct of Respondent, in our opinion, amounted to willful misconduct in office and conduct prejudicial to the administration of justice, bringing the judicial office into disrepute, we recognize as quoted in In re Anderson, supra, that a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. The result is the same regardless of whether bad faith or negligence and ignorance are involved and warrants sanctions.
In In re Quick, 553 So.2d at 527, relying upon essentially this same language, we found that misconduct does not have to be imbedded in any form of bad behavior. Negligence, ignorance, and incompetence are sufficient for a judge to behave in a manner prejudicial to the administration of justice which brings the judicial office into disrepute. See also In re Bailey, 541 So.2d 1036 (Miss.1989); In re Inquiry Concerning Baker, 535 So.2d 47 (Miss. 1988); In re Collins, 524 So.2d 553 (Miss. 1987); In re Stewart, 490 So.2d 882 (Miss. 1986); In re Inquiry Concerning Garner, 466 So.2d 884 (Miss.1985); In re Anderson, 412 So.2d 743 (Miss.1982).
¶ 9. As we stated in In re Bailey, 541 So.2d at 1039, "When a person assumes the office of Justice Court Judge in this state, he or she accepts the responsibility of becoming learned in the law." Therefore, ignorance may not operate to exonerate a judge for his or her misconduct. Id. at 1040.
¶ 10. When the total course of conduct by Judge Boykin is considered in light of the guidelines established by this Court, it is clear that the Commission's findings are correct and that her conduct constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute.

II.

THE RESPONDENT SHOULD BE PUBLICLY REPRIMANDED AND FINED $861.50 AS PROPOSED BY THE COMMISSION.
¶ 11. Article 6, Section 177A of the Mississippi Constitution of 1890, as amended, provides that upon recommendation of the Commission, a judge may be removed, suspended, fined, publicly censured, or publicly reprimanded by the Supreme Court. The Commission has recommended that Justice Court Judge Sherlene B. Boykin be publicly reprimanded, fined $861.50, and assessed the costs of this proceeding. Judge Boykin has agreed to this recommendation, has joined in the Commission's motion to accept the recommended sanctions, *876 and has already paid the fine amount into the General Fund of the State of Mississippi.
¶ 12. Judges have been publicly reprimanded and fined in the past for the same or similar conduct of the "ticket-fixing" committed by Judge Boykin. See, e.g., Mississippi Comm'n on Judicial Performance v. Bowen, 662 So.2d 551 (Miss. 1995); Mississippi Comm'n on Judicial Performance v. Gunn, 614 So.2d 387 (Miss.1993); In re Seal 585 So.2d 741 (Miss.1991); Mississippi Comm'n on Judicial Performance v. Cowart, 566 So.2d 1251 (Miss.1990); In re Hearn, 515 So.2d 1225 (Miss.1987). In Gunn, 614 So.2d at 390, the Court, concerned with the message that the judge's ticket-fixing and actions in and around the courtroom sent to the general public, found the Commission's recommendation of a fine and public reprimand to be consistent with prior similar cases.
¶ 13. This Court has recognized that the sanction ought to fit the offense. In re Bailey, 541 So.2d at 1039. The Commission has recommended a fine in the amount of $861.50. This figure represents the amount of fines which would have been imposed on the defendants under the standard fine schedule of Noxubee County. The Commission believes that if judges have to pay the fines for the tickets they improperly dismiss, such sanctions will deter this behavior in the future. Certainly this sanction is consistent with the guidelines of Bailey in that it "fits the offense." Id.
¶ 14. The Court may consider certain factors as mitigating circumstances when determining the appropriateness of a public reprimand. Gunn, 614 So.2d at 390. Among these include the length and character of the judge's service, any positive contributions made by the judge to the courts and the community, the lack of prior judicial precedent on the incident in issue, commitment to fairness and innovative procedural form on the part of the judge, the magnitude of the offense, the number of persons affected, and whether "moral turpitude" was involved. In re Baker, 535 So.2d at 54.
¶ 15. A few of these possibilities for mitigation are applicable in the present case. Judge Boykin has served as a justice court judge for twenty years-a considerable length of service. This is the first time a formal complaint has been filed against her. Also, Judge Boykin appears to recognize her misconduct, has accepted full responsibility for it, and has cooperated fully with the Commission. Finally, there are no allegations that Judge Boykin in any way profited financially from the misconduct with which she is charged.
¶ 16. In conclusion, we find that the conduct of Noxubee County Justice Court Judge Sherlene B. Boykin constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute, in violation of Article 6, Section 177A of the Mississippi Constitution of 1890, as amended. The proposed sanction is consistent with the elements as to the imposition of sanctions as found in In re Inquiry Concerning Baker, 535 So.2d 47 (Miss.1988) and Mississippi Judicial Performance Comm'n v. Walker, 565 So.2d 1117 (Miss. 1990) and with cases wherein fines were tied to a monetary amount directly related to the misconduct. See, e.g., Mississippi Comm'n on Judicial Performance v. Emmanuel, 688 So.2d 222 (Miss.1996); Mississippi Comm'n on Judicial Performance v. Bowen, 662 So.2d 551 (Miss.1995). Therefore, the recommendation for a public reprimand, a fine of $861.50, and costs is accepted and ordered by the Court. This reprimand shall be read in open court at the next term of the Circuit Court of Noxubee County with Judge Boykin present.
¶ 17. JOINT MOTION FOR APPROVAL OF RECOMMENDATIONS FILED BY THE MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE GRANTED. NOXUBEE COUNTY JUSTICE *877 COURT JUDGE SHERLENE B. BOYKIN IS HEREBY ORDERED TO BE PUBLICLY REPRIMANDED AND TO PAY A FINE OF $861.50 AND ALL COSTS.
PRATHER, C.J., PITTMAN AND BANKS, P.JJ., McRAE, WALLER, COBB AND DIAZ, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.