791 So.2d 194 (2001)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Ken WARREN.
No. 2001-JP-00255-SCT.
Supreme Court of Mississippi.
July 19, 2001.
*195 Luther T. Brantley, III, Attorney for Appellant.
Marc Stephen Roy, Brookhaven, Mark C. Baker, Sr., Brandon, Attorneys for Appellee.
EN BANC.
EASLEY, Justice, for the Court:
¶ 1. On April 13, 2000, the Mississippi Commission of Judicial Performance ("Commission") filed a formal complaint against Ken Warren, Justice Court Judge, District Four, Rankin County, Mississippi, alleging judicial misconduct in violation of Section 177A Mississippi Constitution of 1890, as amended. Judge Warren filed an answer to the formal complaint on April 24, 2000. Counsel for the Commission and Judge Warren entered into an Agreed Statement of Facts and Proposed Recommendation which was filed on January 12, 2001. The Commission unanimously accepted and adopted the Agreed Statement of Facts and Proposed Recommendation *196 on January 12, 2001, and signed the documents on January 22, 2001. The Agreed Statement of Facts and Proposed Recommendation was in lieu of an evidentiary hearing on the facts.
¶ 2. The Commission's Finding of Facts and Recommendation was filed with this Court on February 12, 2001. Specifically, the Commission found that Judge Warren's conduct violated Canons 1, 2A, 2B, 3A(1), 3A(4) and 3C(1)of the Code of Judicial Conduct of Mississippi Judges. The Commission found that Judge Warren's behavior constituted willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to Section 177A of the Mississippi Constitution of 1890, as amended. On March 16, 2001, the Commission recommended to the Court that Judge Warren be publicly reprimanded, fined $765.00 and assessed the costs of this proceeding in the amount of $100.00. A joint motion for approval of recommendations filed by the Mississippi Commission on Judicial Performance, was filed with this Court. This Court finds that the Commission's recommendation of public reprimand and payment of the assessed fine of $765.00 and the assessed cost of the proceeding in the amount of $100.00, shall be adopted.

FACTS
¶ 3. According to the Agreed Statement of Facts and Recommendation adopted by the Commission and submitted to this Court, on December 25, 1998, Jason D. Thompson ("Thompson") was charged with DUI by the Mississippi Highway Patrol. Judge Warren was contacted, in his official capacity as justice court judge, by Thompson's mother-in-law about the DUI charge. Thompson went to the Rankin County Justice Court Office on or about January 5, 1999, and met with Judge Warren. At some point between January 5, 1999, and January 25, 1999, the Trooper was called into Judge Brown's office. Judge Warren advised Judge Brown and the Trooper about Thompson's coming to see him on an ex parte basis. On February 25, 2000, the case came to trial before Judge Brown. Judge Brown found Thompson guilty of DUI.
¶ 4. During the period of time beginning approximately January 5, 1999, and continuing at least through September 28, 1999, Judge Warren, in his official capacity as justice court judge, engaged in the practice of improperly remanding traffic and other tickets to the file based upon his ex parte communications with the defendant or other person or persons indicated without notice to the officer or without a hearing or trial being held. During the time in question, approximately ten cases were remanded in this manner. All ten of these cases involved speeding. There are no allegations that he profited financially, in any way, from the action of which he is charged.

STANDARD OF REVIEW
¶ 5. The standard of review for judicial misconduct proceedings is de novo. Mississippi Comm'n on Judicial Performance v. Boykin, 763 So.2d 872, 874 (Miss. 2000) (citing Mississippi Comm'n on Judicial Performance v. Gunn, 614 So.2d 387, 389 (Miss.1993)). The Commission's findings, based on clear and convincing evidence, are given "great deference." Id. This Court however, is obligated to conduct an independent inquiry. Mississippi Comm'n on Judicial Performance v. Neal, 774 So.2d 414, 416 (Miss.2000). Even though the Commission's findings are considered, this Court is not bound by the findings and additional sanctions may be imposed. Mississippi Comm'n on Judicial *197 Performance v. Whitten, 687 So.2d 744, 746 (Miss.1997).

DISCUSSION

I. WHETHER JUDGE WARREN'S CONDUCT CONSTITUTES WILLFUL MISCONDUCT PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE WHICH BRINGS THE JUDICIAL OFFICE INTO DISREPUTE PURSUANT TO SECTION 177A OF THE MISSISSIPPI CONSTITUTION?
¶ 6. In judicial performance proceedings, this Court determines whether the conduct of the Judge constitutes willful misconduct prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to Section 177A of the Mississippi Constitution of 1890, as amended.
¶ 7. This Court has held:
Willful misconduct in office is the improper or wrongful use of power of his office by a judge acting intentionally or with gross unconcern for his conduct and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith....
Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute.
Whitten, 687 So.2d at 747 (quoting In re Quick, 553 So.2d 522, 524 (Miss.1989)) (emphasis in original).
¶ 8. The Commission determined by clear and convincing evidence that Judge Warren violated Canons 1, 2A, 2B, 3A(1), 3A(4) and 3C(1) of the Code of Judicial Conduct of Mississippi Judges. In the case sub judice, Judge Warren had ex parte communications and dismissed approximately ten speeding tickets without notice to the office or hearing. "Whether this behavior was actually willful is of no consequence." As this Court has held:
While the conduct of Respondent, in our opinion, amounted to willful misconduct in office and conduct prejudicial to the administration of justice, bringing the judicial office into disrepute, we recognize as quoted in In re Anderson, supra, that a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. The result is the same regardless of whether bad faith or negligence and ignorance are involved and warrants sanctions.
Mississippi Comm'n on Judicial Performance v. Boykin, 763 So.2d 872 (Miss. 2000) (quoting In re Anderson, 451 So.2d 232, 234 (Miss.1984)).
¶ 9. This Court finds that Judge Warren's conduct constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute. Accordingly, the Commission's findings are correct, as to the willfulness of the conduct before this Court, and are upheld and adopted.

*198 II. WHETHER JUDGE WARREN SHOULD BE PUBLICLY REPRIMANDED AND FINED $765.00 AND ALL COSTS AS RECOMMENDED BY THE COMMISSION?
¶ 10. The Commission recommends that Judge Warren be publicly reprimanded, fined $765.00, and assessed all costs associated with this proceeding in the amount of $100.00. The Commission and Judge Warren have signed an Agreed Statement of Facts and Proposed Recommendation which was unanimously accepted and adopted by the Commission.
¶ 11. Imposing sanctions is left solely to the discretion of this Court. Mississippi Comm'n on Judicial Performance v. Jones, 735 So.2d 385, 389 (Miss.1999). The sanction, however, ought to fit the offense at issue. Boykin, 763 So.2d at 876. There is precedent for a public reprimand and fines in Mississippi for similar occurrences of ex parte communications and dismissing speeding tickets without conducting any hearing or notifying the officers who issued the citations. See, e.g., Mississippi Comm'n on Judicial Performance v. Boykin, 763 So.2d 872 (Miss. 2000); Mississippi Comm'n on Judicial Performance v. Bowen, 662 So.2d 551 (Miss.1995); Mississippi Comm'n on Judicial Performance v. Gunn, 614 So.2d 387 (Miss.1993).
¶ 12. In determining the appropriate sanction for each case before this Court mitigating factors are reviewed pursuant to this Court's holding in In re Baker, 535 So.2d 47 (Miss.1988). In determining whether a reprimand should be public, this Court considers mitigating factors which weigh in favor of confidential, private action. Mississippi Comm'n on Judicial Performance v. Walker, 565 So.2d 1117, 1125 (Miss.1990). The factors from In re Baker, Walker, 565 So.2d at 1125 (citing In re Baker, 535 So.2d at 54) along with the evidence from the case sub judice, are:
(1) The length and character of the judge's public service.
The record contains no information on this factor.
(2) Positive contributions made by the judge to the courts and the community.
The record contains no information on this factor.
(3) The lack of prior judicial precedent on the incident in issue.
There is previous precedent as cited above in Mississippi Comm'n on Judicial Performance v. Boykin, 763 So.2d 872 (Miss.2000); Mississippi Comm'n on Judicial Performance v. Bowen, 662 So.2d 551 (Miss.1995); and Mississippi Comm'n on Judicial Performance v. Gunn, 614 So.2d 387 (Miss.1993).
(4) Commitment to fairness and innovative procedural form on the part of the judge.
The record contains no information on this factor.
(5) The magnitude of the offense.
Ex parte communications and dismissing speeding tickets without conducing any hearing or notifying the officers who issued the citations such as the case herein, are prohibited.
(6) The number of persons affected.
Approximately ten defendants and court personnel were affected by these actions.
(7) Whether "moral turpitude" was involved.
Moral turpitude was not involved in the case before this Court. In addition, there was no allegation that Judge Warren profited financially from the conduct with which he was charged by the Commission.

*199 CONCLUSION

¶ 13. In conclusion, this Court finds that the conduct of Rankin County Justice Court Judge Ken Warren constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to Section 177A of the Mississippi Constitution of 1890, as amended. The proposed sanctions and fines are in line with past cases of the same or similar nature. In addition, the fine is specifically tied to the misconduct. This Court orders a public reprimand and fine of $765.00 with assessed court costs of $100.00. This reprimand should be read in open court at the next term of the Circuit Court of Rankin County with Judge Warren present.
¶ 14. RANKIN COUNTY JUSTICE COURT JUDGE KEN WARREN IS HEREBY PUBLICLY REPRIMANDED, FINED $765.00, AND SHALL PAY ALL COSTS IN THE AMOUNT OF $100.00.
PITTMAN, C.J., BANKS AND McRAE, P.JJ., MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR. SMITH, J. NOT PARTICIPATING.