801 So.2d 704 (2001)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Joseph LEWIS.
No. 2001-JP-01034-SCT.
Supreme Court of Mississippi.
December 13, 2001.
*705 Luther Brantley, III, Patricia A. Hancock, Jackson, Attorneys for Appellant.
Precious T. Martin, Attorney for Appellee.
EN BANC.
SMITH, P.J., for the Court:
¶ 1. This action comes to this Court from the Mississippi Commission on Judicial Performance (hereinafter "the Commission") regarding the conduct of Justice Court Judge Joseph Lewis of District 3, Hinds County, Mississippi. On August 10, 2000, the Commission filed a formal complaint against Judge Lewis, alleging judicial misconduct in violation of Section 177A, Mississippi Constitution of 1890, as amended. Judge Lewis filed an answer to the formal complaint on January 17, 2001, denying the judicial misconduct alleged in the complaint. Following the filing of his answer, Judge Lewis and Counsel for the Commission entered into an Agreed Statement of Facts and Proposed Recommendation which was filed on May 24, 2001. On June 8, 2001, the Commission accepted and *706 adopted the Agreed Statement of Facts and Proposed Recommendation.
¶ 2. The Commission's Findings of Fact and Recommendation were filed with this Court on July 2, 2001. Specifically, the Commission found that Judge Lewis's conduct violated Mississippi Code Ann. §§ 9-11-27 & 99-33-2 and Canons 1, 2A, 2B,3A(1), 3A(4), 3B(1), 3C(1)(a) of the Code of Judicial Conduct of Mississippi Judges and Section 177A of the Mississippi Constitution, as amended. The Commission recommended to the Court that Judge Lewis be publicly reprimanded and assessed the costs of the proceeding, in the amount of $572.01.

STATEMENT OF FACTS
¶ 3. The Commission's Finding of Facts and Recommendations are a result of complaints of judicial misconduct by Judge Lewis brought by agents Max H. Weathersby, Jr. and Fred Johnson of the Mississippi Alcoholic Beverage Control Division Bureau of Enforcement and Brad D. Wilkinson, attorney for the Alcoholic Beverage Control (A.B.C.), Division of the Mississippi State Tax Commission. The facts leading to the complaints filed with the Commission are enumerated as follows:
1. On or about September 13, 1996, Earl J. Richard was charged with possession of alcoholic beverages for the purpose of sale without a license. Although the case was assigned to Judge John Dan Moulder's calendar, Judge Lewis contacted Agent Weathersby and engaged in an ex parte discussion about the charges against Earl J. Richard. On January 9, 1997, Judge Lewis remanded the charges against Richard to the file without a final disposition and Judge Lewis forfeited the alcohol seized to the A.B.C.
2. On February 5, 1999, Weathersby filed charges against Ester Dixon for possession of alcoholic beverages in a dry county and storing alcoholic beverages on beer licensed premises. Additionally, on February 5, 1999, Weathersby also filed charges against Benell Mack for sale of alcoholic beverages in a dry county. These cases were assigned to Judge Lewis. He contacted Weathersby regarding the details and facts of the three charges. Thereafter, the records from the Hinds County Justice Court indicate that no disposition was rendered on these three charges.
3. On July 24, 1999, Myran E. Cooper was charged with possession of alcoholic beverages for the purpose of sale without a license by Agent Fred Johnson. This case was docketed for Judge Clyde Chapman's calendar. Judge Lewis contacted Johnson and engaged in ex parte communication and remanded the charges against Cooper to the file without the knowledge or consent of the assigned judge. Although a remand is not a final disposition of the charges, Judge Lewis demanded that Cooper pay court costs.
4. On April, 28, 2000, Judge Lewis engaged in ex parte communications with Brad D. Wilkinson, Attorney for the Alcoholic Beverage Control Division of the Mississippi State Tax Commission regarding Lewis's hearing A.B.C. cases during the pending investigation. No formal motion to recuse was filed and Judge Lewis has continued hearing A.B.C. cases.
¶ 4. In his meeting with the Commission, Judge Lewis recognized that his ex parte communications were improper and agreed not to participate in such conduct in the future. He further agreed to recuse himself from all A.B.C. cases during the pendency of the proceedings before the Commission and the Mississippi Supreme Court. Additionally, he agreed to recuse *707 himself from cases wherein A.B.C. Agent Weathersby was a party.
¶ 5. The Commission recommended that Judge Lewis be publicly reprimanded by the Mississippi Supreme Court.

STANDARD OF REVIEW
¶ 6. "This Court conducts de novo review of judicial misconduct proceedings, giving great deference to the findings, based on clear and convincing evidence, of the recommendations of the Mississippi Judicial Performance Commission." Mississippi Comm'n on Judicial Performance v. Boykin, 763 So.2d 872, 874 (Miss.2000) (citations omitted).

ANALYSIS

I. THE RESPONDENT'S CONDUCT CONSTITUTES WILLFUL MISCONDUCT IN OFFICE AND CONDUCT PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE WHICH BRINGS THE JUDICIAL OFFICE INTO DISREPUTE PURSUANT TO SECTION 177A OF THE MISSISSIPPI CONSTITUTION.
¶ 7. Judge Lewis's conduct constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to Section 177A of the Mississippi Constitution of 1890, as amended, as defined by this Court. Judge Lewis engaged in ex parte communications with those involved in matters before him, remanded charges to the file in cases placed on other judge's dockets and required those before him to pay court costs or forfeit confiscated alcohol prior to a final disposition of their cases. Further, Judge Lewis continued hearing cases involving the A.B.C. during the Commission's investigation of him that was initiated by the A.B.C. agents.
¶ 8. This Court defined willful misconduct prejudicial to the administration of justice in the case Mississippi Comm'n on Judicial Performance v. Dodds:
Willful misconduct in office is the improper or wrongful use of the power of his office by a judge acting intentionally, or with gross unconcern for his conduct, and generally in bad faith. It involves more than error in judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption and also any knowing misuse of the office whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith ...
Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute.
680 So.2d 180, 190-191 (Miss.1996) (quoting In re Anderson, 412 So.2d 743, 745 (Miss.1982)).
¶ 9. This Court has recognized that misconduct does not require bad behavior. "Negligence, ignorance, and incompetence are sufficient for a judge to behave in a manner prejudicial to the administration of justice which brings the judicial office into disrepute." Boykin, 763 So.2d at 875 (citations omitted). Considering Judge Lewis's conduct alongside the guidelines established by this Court, we find that the Commission's findings are correct and that *708 Judge Lewis's conduct constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute.

II. THE RESPONDENT SHOULD BE PUBLICLY REPRIMANDED AND ASSESSED THE COSTS OF THESE PROCEEDINGS AS PROPOSED BY THE COMMISSION.
¶ 10. Article 177A of the Mississippi Constitution of 1890, as amended, provides that upon recommendation of the Commission, a judge may be removed, suspended, fined, publicly censured, or publicly reprimanded by this Court. The Commission has recommended in the present case that Judge Lewis be publicly reprimanded and assessed the costs of these proceedings in the amount of $572.01. Judge Lewis has agreed to this recommendation. The Commission considered certain mitigating factors in making its determination. First, Judge Lewis admitted his ex parte actions were improper and agreed not to participate in such conduct in the future. He also agreed to recuse himself from all cases involving A.B.C. agent Weathersby, and further agreed to consider any future motions for recusal based on the facts of such cases. The Commission also recognized that Judge Lewis's handling of cases assigned to other judges was pursuant to the custom of the Hinds County Justice Court. Judge Lewis acknowledged that this practice lends itself to the appearance of impropriety, and agreed to work with the court clerk on implementing a proper procedure. Considering such mitigating factors alongside Judge Lewis's previous private admonishment, this Court affirms the Commission's recommendation.

CONCLUSION
¶ 11. This Court finds that Judge Lewis's behavior constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute, in violation of Section 177A of the Mississippi Constitution of 1890, as amended. Further, this Court adopts the recommendation of the Commission to publicly reprimand Judge Lewis, in the form and manner provided by law, and assesses costs against him in the amount of $572.01.
¶ 12. JOSEPH LEWIS, JUSTICE COURT JUDGE OF HINDS COUNTY, DISTRICT 3, JUSTICE COURT, IS HEREBY ORDERED TO (1) BE PUBLICLY REPRIMANDED BY PRESIDING CIRCUIT JUDGE OF THE SEVENTH CIRCUIT COURT OF HINDS COUNTY; AND (2) TO PAY A FINE OF $572.01 AND COSTS.
PITTMAN, C.J., COBB, DIAZ AND CARLSON, JJ., CONCUR. McRAE, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY EASLEY AND GRAVES, JJ. WALLER, J., NOT PARTICIPATING.
McRAE, Presiding Justice, concurring in part and dissenting in part:
¶ 13. I disagree with the majority in adopting the recommendation of the Commission to publicly reprimand Judge Lewis and fine him approximately $600.00. Based on the facts of this case, we should only impose a private reprimand and the $600.00 expenses (fine). We are not bound by the recommendations of the Commission. We give deference to the Commission. However, there are occasions where we have enhanced the recommended penalties and are occasions where we have lessened recommended penalties. For cases with a larger penalty than the recommendation, see Miss. Comm'n on Judicial *709 Performance v. Brown, 761 So.2d 182 (Miss.2000); Miss. Comm'n on Judicial Performance v. Bishop, 761 So.2d 195 (Miss.2000); In re Collins, 524 So.2d 553 (Miss.1987); In re Brown, 458 So.2d 681 (Miss.1984).
¶ 14. For occasions we have lessened the recommended penalty, see Miss. Comm'n on Judicial Performance v. Byers, 757 So.2d 961 (Miss.2000); Miss. Comm'n on Judicial Performance v. A Municipal Court Judge, 755 So.2d 1062 (Miss.2000); Miss. Comm'n on Judicial Performance v. Sanders, 749 So.2d 1062 (Miss.1999); Miss. Comm'n on Judicial Performance v. R.R., 732 So.2d 224 (Miss. 1999); Miss. Comm'n on Judicial Performance v. Guest, 717 So.2d 325 (Miss.1998); Miss. Comm'n on Judicial Performance v. Peyton, 645 So.2d 954 (Miss.1994); Miss. Comm'n on Judicial Performance v. A Justice Court Judge, 580 So.2d 1259 (Miss. 1991); In re Anderson, 451 So.2d 232 (Miss.1984); In re Anderson, 447 So.2d 1275 (Miss.1984); In re Branan, 419 So.2d 145 (Miss.1982). Moreover, imposing sanctions is left solely to the discretion of this Court. Miss. Comm'n on Judicial Performance v. Jones, 735 So.2d 385, 389 (Miss.1999).
¶ 15. The facts in this case and the service of this Justice Court Judge do not warrant a public reprimand. At worst, Judge Lewis's misconduct is more in line with those cases where a private reprimand has been issued. Accordingly, I dissent.
EASLEY AND GRAVES, JJ., JOIN THIS OPINION.