830 So.2d 1138 (2002)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Joseph LEWIS.
No. 2001-JP-01910-SCT.
Supreme Court of Mississippi.
August 8, 2002.
Rehearing Denied December 5, 2002.
*1139 Luther T. Brantley, III, Patricia A. Hancock, Jackson, attorneys for appellant.
Ramel L. Cotton, Isaac K. Byrd, Jr., Jackson, attorneys for appellee.
EN BANC.
DIAZ, J., for the court.
¶ 1. On February 12, 2001, the Mississippi Commission on Judicial Performance (the Commission) filed a formal complaint charging Joseph Lewis, Justice Court Judge, District Three, Hinds County, Mississippi, with judicial misconduct constituting (1) violations of Canons 1, 2A, 2B and 3A(1) of the Code of Judicial Conduct of Mississippi Judges; (2) willful misconduct in office; and (3) conduct prejudicial to the administration of justice which brings the judicial office into disrepute in violation of Article 6, Section 177A, Mississippi Constitution of 1890, as amended. By an order dated July 23, 2001, Judge Lewis was notified that his hearing was to be held on August 10, 2001. On August 6, 2001, Judge Lewis filed a motion for continuance which was denied on August 8, 2001. An unsworn answer of general denial was filed by Judge Lewis on August 9, 2001. The Commission's subsequent motion to strike the answer was denied after Judge Lewis swore to the facts in his answer at the hearing on August 10.
¶ 2. The hearing was held before a committee of the Commission. The Committee found as fact that on April 3, 2001, Judge Lewis, in his official capacity as justice court judge, presided over the trial of a minor charged with headlighting deer, improper shot size and failure to dim headlights. The arresting officer seized a rifle, a shotgun and a Charter Arms .38 caliber handgun. The minor was found not guilty of the headlighting charge and improper shot size charge. The minor pled guilty to the failure to dim headlights charge. Judge Lewis then returned the shot gun and rifle, but ordered the handgun forfeited to the court.
¶ 3. At the hearing, Judge Lewis pled that Miss.Code Ann. § 97-37-13 (2000) prohibited the return of the handgun to the minor defendant by making it a crime to give a deadly weapon to any one under the age of eighteen. Judge Lewis did not deny, however, that the minor's father requested the return of the handgun, which belonged to the mother of the minor. Judge Lewis explained his refusal to return the gun to the father by arguing that Miss.Code Ann. § 97-37-3 (2000) requires him to return a weapon only to the accused upon a dismissal of the charge, therefore, he could not give the gun to the father as he was not the accused.
¶ 4. The Committee found that Judge Lewis violated Miss.Code Ann. § 97-37-3 (requiring him to return the gun after the charges are dismissed). Also, the Committee pointed out that no charges were *1140 made against the minor specific to that handgun which would justify its seizure in the first place. In sum, the Committee found that Judge Lewis "abused the power of his office and violated Miss.Code Ann. § 97-13-3 and Canons 1, 2A, 2B and 3A(1) of the Code of Judicial Conduct of Mississippi Judges." The Committee also found that Judge Lewis's "conduct constituted willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute" as defined by this Court.
¶ 5. The Committee also voted that Judge Lewis has previously been privately admonished by the Commission, pursuant to Miss.Code Ann. § 9-19-11 in Inquiry Concerning a Judge No. 99-194 and that Judge Lewis has a recommendation for a public reprimand pending before this Court in the Commissioner's Inquiry Concerning a Judge No.2000-040. The recommendation in Inquiry No.2000-404 has since been adopted by this Court. Miss. Comm'n on Jud. Perf. v. Lewis, 801 So.2d 704 (Miss.2001). The Committee recommended that Judge Lewis be publicly reprimanded pursuant to Article 6, Section 177A of the Mississippi Constitution of 1890, as amended and be assessed costs in the amount of $496.40.
¶ 6. Judge Lewis filed written objections to the Committee's findings of fact and recommendations. After considering the testimony and evidence in this Inquiry, including the Committee's findings of fact and recommendation and Judge Lewis's objections, the Commission accepted and adopted the Committee's findings of fact and recommendations.
¶ 7. Judge Lewis argues against these findings of facts and recommendations citing the following issues:
I. Whether the Commission abused its discretion by hearing the complaint against Judge Lewis because it lacked jurisdiction.
II. Whether the Commission was manifestly wrong in its application of Miss.Code Ann. § 97-37-3.
III. Whether the Commission was manifestly wrong in finding that there was clear and convincing evidence that Judge Lewis's actions violated Canons 1, 2A, 2B and 3A(1) of the Code of Judicial Conduct of Mississippi Judges and constituted wilful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute in violation of Section 177A, Mississippi Constitution of 1890, as amended.

ANALYSIS
I. Whether the Commission abused its discretion by hearing the complaint against Judge Lewis because it lacked jurisdiction.
¶ 8. Judge Lewis argues that the Commission did not have jurisdiction to hear the complaint against him under Rule 2 of the Rules of the Mississippi Commission on Judicial Performance,
Commission shall consider conduct of a judge or the physical or mental condition of a judge. In the absence of fraud, corrupt motive, or bad faith, the Commission shall not consider allegations against a judge for making findings of fact, reaching a legal conclusion, or applying the law as he understands it.
Judge Lewis argued lack of jurisdiction at the hearing, but the Commission never responded to the motion. Judge Lewis asserts that his actions do not constitute fraud, corrupt motive or bad faith, as is required under Rule 2 of Miss. R. Jud. *1141 Perf. because he was simply interpreting the law as it applied to the case.
¶ 9. In response, the Commission argues that it does have jurisdiction because the complaint against Judge Lewis alleges bad faith. In Miss. Comm'n on Jud. Perf. v. Russell, 691 So.2d 929 (Miss. 1997), a circuit court judge was publicly reprimanded and fined $1,500 for releasing prisoners without authority. Russell argued that under his interpretation of statute, he did have the authority to release the prisoners. This Court found that the judge should have been aware that his actions were prohibited. "A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith." Id. at 936-37 citing Miss. Comm'n on Jud. Perf. v. Milling, 651 So.2d 531, 538 (Miss.1995).
¶ 10. In light of this Court's decision in Russell finding bad faith in similar circumstances, we find that the Commission does have jurisdiction in this case.
II. Whether the Commission was manifestly wrong in its application of Miss.Code Ann. § 97-37-3.
¶ 11. Judge Lewis next argues that the Commission's finding is not based on clear and convincing evidence. The Commission finds Judge Lewis to be in violation of Miss.Code Ann. § 97-37-3, which provides that
Any weapon used in violation of § 97-37-1, or used in the commission of any other crime, shall be seized by the arresting officer, may be introduced in evidence, and in the event of a conviction, shall be ordered to be forfeited, and shall be disposed of as ordered by the court having jurisdiction of such offense. In the event of dismissal or acquittal of charges, such weapon shall be returned to the accused from whom it was seized.
Judge Lewis's primary defense of his actions is Miss.Code Ann. § 97-37-13 (2000) which provides:
It shall not be lawful for any person to sell, give or lend to any minor under eighteen years of age or person intoxicated, knowing him to be a minor under eighteen years of age or in a state of intoxication, any deadly weapon, or other weapon the carrying of which concealed is prohibited, or pistol cartridge; and, on conviction thereof he shall be punished by a fine not more than One Thousand Dollars ($1000.00), or imprisoned in the county jail not exceeding one year, or both.
¶ 12. Judge Lewis's explanation as to why he returned the other two weapons, but not the handgun is that the other two weapons belonged to the father and were "properly maintained" behind the seat of the truck and the father appeared before the court. The handgun, however was found on the defendant and the owner, the defendant's mother, never appeared at court.
¶ 13. There are many flaws in this argument. First, under Miss.Code Ann. § 97-37-3, Judge Lewis should have returned the handgun to the defendant as a matter of law. Judge Lewis's reliance on Miss.Code Ann. § 97-37-13 is frivolous because that statute has no application to the facts of this Inquiry and does not supplant Miss.Code Ann. § 97-37-3. Furthermore, the fact that Judge Lewis did return two other deadly weapons to the minor defendant makes his reliance on § 97-37-13 nonsensical. Judge Lewis did not inform the defendant and his father that the gun would be held until the proper owner, the defendant's mother, came to claim it. Judge Lewis's argument that he could not return the handgun to anyone other than *1142 the accused under § 97-37-3, is also disingenuous because he returned the other two weapons to the father of the defendant, who was obviously not "the accused."
¶ 14. According to the Commission, the handgun was found inside a purse or makeup case in a compartment in the extended cab of the truck and there were no charges filed regarding any of the three weapons seized. Therefore, there was no charge filed against the minor that would make the seizure of the pistol legal, so there was also no legal basis for the court to forfeit the gun.
¶ 15. Finally, even if Judge Lewis was correct in forfeiting the handgun, there is a separate forfeiture proceeding found in Miss.Code Ann. § 49-7-251 et seq. which Judge Lewis did not abide by.
¶ 16. Miss.Code Ann. § 97-37-3 clearly required Judge Lewis to return the handgun. Furthermore, Judge Lewis did not follow the proper procedure to forfeit the handgun. We therefore adopt the Commission's findings of fact and law.
III. Whether the Commission was manifestly wrong in finding that there was clear and convincing evidence that Judge Lewis's actions violated Canons 1, 2A, 2B and 3A(1) of the Code of Judicial Conduct of Mississippi Judges and constituted wilful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute in violation of Section 177A, Mississippi Constitution of 1890, as amended.
¶ 17. Canon 1 of the Code of Judicial Conduct of Mississippi provides that a judge should "uphold the integrity and independence of the judiciary." Canon 2 provides that a judge "should avoid impropriety and the appearance of impropriety in all his activities." Canon 2A provides that a judge should "respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Canon 3A states that a judge "should be faithful to the law and maintain professional competence in it."
¶ 18. Judge Lewis argues that he did follow the directives of the Canons of Judicial Conduct previously mentioned because he complied with the law as he understood it and did not allow others to influence his decision. Judge Lewis also argues that his actions do not rise to the level of willful misconduct.
¶ 19. Willful misconduct in office is the improper or wrongful use of power by a judge acting intentionally or with gross unconcern for his conduct and generally in bad faith. Miss. Comm'n on Jud. Perf. v. Warren, 791 So.2d 194, 195 (Miss. 2001). It involves more than an error of judgment or a mere lack of diligence. Id. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith. Id. A judge may, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. Id.
When a person assumes the office of Justice Court Judge in this state, he or she accepts the responsibility of becoming learned in the law. When such a person takes the oath of office, he or she yields the prerogative of executing the responsibilities of the office on any basis other than a fair and impartial, competent application of the law to the facts. The preservation of the rule of law as our last best hope for the just ordering of our society requires nothing less than *1143 an insistence by this Court that our justice court judges be in fact what they are in name: "judges."
In re Bailey, 541 So.2d 1036, 1039 (Miss. 1989).
¶ 20. As found in Warren, the judicial office may be brought into disrepute by negligence or ignorance. Judge Lewis should have known that his actions were not legal and his supporting arguments are tenuous. Therefore, we adopt the findings of fact and legal conclusions of the Commission.
IV. Whether Judge Lewis should be publicly reprimanded pursuant to Section 177A of the Mississippi Constitution of 1890, as amended and assessed the costs of this proceeding in the amount of $496.40.
¶ 21. Judge Lewis asserts that a review of cases involving judicial discipline shows that judges have been publicly reprimanded only for actions where they personally profited or where they seriously abused the position of judge. As such, he argues that he does not deserve to be publicly reprimanded.
¶ 22. Section 177A of the Mississippi Constitution of 1890, as amended, provides that upon recommendation of the Commission, a judge may be removed, suspended, fined, publicly censured or publicly reprimanded by the Supreme Court.
¶ 23. In judicial misconduct proceedings, this Court is the trier of fact and it has sole power to impose sanctions. However, this Court gives great weight to the findings of the Commission, which has had the opportunity to observe the demeanor of the witnesses. In re Quick, 553 So.2d 522, 527 (Miss. 1989).
¶ 24. When considering the proper sanction to impose upon a judge, this Court may consider prior judicial misconduct of that judge. Miss. Comm'n on Jud. Perf. v. Jenkins, 725 So.2d 162, 170 (Miss. 1998). Judge Lewis has previously been privately admonished by the Commission, pursuant to Miss.Code Ann. § 9-19-11, in Inquiry Concerning a Judge No. 99-194. Further, this Court recently adopted the Commission's recommendation for public reprimand in Inquiry No.2000-040. Lewis, 801 So.2d at 704.
¶ 25. According to In re Baker, 535 So.2d 47, 54 (Miss.1988), the following factors should be considered in determining whether a reprimand should be public:
1. The length and character of the judge's service.
2. Positive contributions made by the judge to the courts and the community.
3. The lack of prior judicial precedent on the incident at issue.
4. Commitment to fairness and innovative procedural form on the part of the judge.
5. The magnitude of the offense.
6. The number of persons affected.
7. Whether moral turpitude was involved.
¶ 26. There is no information to consider for many of these factors. Under factor 1, the other complaints made against Judge Lewis should be considered. Under factor 3, there is a definite lack of judicial precedent on this issue, but it is clear that Judge Lewis violated statutory mandate without reasonable explanation.

CONCLUSION
¶ 27. This Court finds that Judge Lewis's behavior constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute, in violation of Section 177A of the Mississippi Constitution of 1890, as amended. Further, this *1144 Court adopts the recommendation of the Commission to publicly reprimand Judge Lewis, in the form and manner provided by law, and assesses costs against him in the amount of $496.40.
¶ 28. JOSEPH LEWIS, JUSTICE COURT JUDGE OF HINDS COUNTY, DISTRICT 3, JUSTICE COURT, IS HEREBY ORDERED TO (1) BE PUBLICLY REPRIMANDED BY THE PRESIDING CIRCUIT JUDGE OF THE SEVENTH CIRCUIT COURT OF HINDS COUNTY; AND (2) TO PAY ASSESSMENT AND COSTS OF $496.40.
PITTMAN, C.J., SMITH, P.J., COBB AND CARLSON, JJ., CONCUR. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY EASLEY AND GRAVES, JJ. EASLEY, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, P.J. WALLER, J., NOT PARTICIPATING.
McRAE, P.J., Dissenting:
¶ 29. I disagree that there is no legal basis for Judge Lewis to retain the handgun at issue, and Miss.Code Ann. § 97-37-3 (2000) plainly requires him to return the gun. I think the rationale regarding the return of the handgun (and the shotgun and rifle) has not been fully developed. As correctly stated by Judge Lewis, Miss. Code Ann. § 97-37-13 (2000) makes it a crime to give a deadly weapon to a minor. A person under the age of eighteen cannot own or possess a firearm unless one of the exceptions listed in Miss.Code Ann. § 97-37-14 (2000) applies. Here, the minor was alone in his truck when he was arrested, and he had no reason to possess a gun. Therefore, § 97-37-14 does not apply.
¶ 30. Miss.Code Ann. § 97-37-3 states "[i]n the event of dismissal or acquittal of charges, such weapon shall be returned to the accused from whom it was seized." Obviously, the handgun cannot be returned to the minor, even though it was seized from him, since a minor technically cannot own a gun. Common sense dictates that the gun be returned to its rightful owner, in this case the minor's mother. Judge Lewis took this same approach with regard to the return of the shotgun and rifle. They belong to the minor's father and when Judge Lewis returned these guns, he gave them to the father, not the minor or "the accused." The answer here is to relinquish the gun to its proper owner, the minor's mother.
¶ 31. To hand over the seized weapons to the minor defendant would be a serious miscarriage of justice. The court is also wrong to keep items of personal property that could be easily returned to the owners. The guns should be restored to the parents of the minor along with an admonition to ensure that they properly supervise their son whenever he uses a firearm.
¶ 32. Accordingly, I dissent.
EASLEY AND GRAVES, JJ., JOIN THIS OPINION.
EASLEY, J., dissenting:
¶ 33. I respectfully dissent. The Court errs in finding Justice Court Judge Joseph Lewis's conduct to be willful misconduct. Judge Lewis technically violated the Canons of the Code of Judicial Conduct for Mississippi Judges, but the record does not establish that he committed a willful violation. Judge Lewis was acting in good faith in keeping a hand gun out of the hands of a minor.
¶ 34. Justice Court Judges, like all Judges, are public servants entrusted to serve and protect the people. Judge Lewis's conduct was wrong, but it did not amount to "willful misconduct." Furthermore, the record reflects that the actual *1145 owner of the handgun never came forward to claim the gun.
¶ 35. Assuming a violation, the punishment imposed does not recognize Judge Lewis's past service and contribution to the community. Under the circumstances, a fine or a private reprimand would be adequate punishment. The point to Judge Lewis that he erred would be made without a public reprimand. A public reprimand is excessive punishment.
¶ 36. For these reasons, I dissent as to the finding of a violation and the punishment.
McRAE, P.J., JOINS THIS OPINION.