880 So.2d 343 (2004)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Windell WILLIAMS.
No. 2003-JP-02475-SCT.
Supreme Court of Mississippi.
August 19, 2004.
*344 Luther T. Brantley, III, attorney for appellant.
*345 Carroll Rhodes, Hazlehurst, attorney for appellee.
EN BANC.
COBB, Presiding Justice, for the Court.
¶ 1. This case is before the Court on the Joint Motion for Approval of Recommendations filed by the Mississippi Commission on Judicial Performance and Jefferson County Justice Court Judge Windell Williams. The motion requests that this Court accept the amended agreed statement of facts and proposed recommendation for discipline presented by the Commission regarding Judge Williams. We hold that the joint motion is well taken, and Judge Williams shall be publicly reprimanded, fined $228.50, and assessed costs of $100.

PROCEDURAL HISTORY
¶ 2. Acting on a citizen complaint, the Commission filed a formal complaint against Judge Williams on July 22, 2002, setting forth eight counts of judicial misconduct: counts one through five for engaging in specific actions in violation of Canons 1, 2A, 2B, 3A(1) and (4) and 5C(1) of the Code of Judicial Conduct of Mississippi Judges[1]; count six for a similar action which occurred after the revision of the Code, in violation of Canons 1, 2A, 2B, 3B(2) and 3B(7); and count seven for engaging in the conduct set out in counts one though six. Count eight stated that these violations by Judge Williams constituted willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute, thus causing such alleged conduct to be actionable pursuant to the provisions of Article 6, Section 177A of the Mississippi Constitution.
¶ 3. The record reflects that Judge Williams filed an answer to the formal complaint denying each of the eight counts, and the formal hearing on the merits was scheduled for January 23, 2003. On that date, Judge Williams and the Executive Director of the Commission, Luther T. Brantley, III, submitted an agreed statement of facts and proposed recommendation, to be effective upon acceptance and ratification of the full Commission. On May 12, 2003, in a letter to the Commission, counsel for Judge Williams requested the following additional mitigating facts to be considered by the Commission and included in the agreed statement:
Judge Williams had instructed the Deputy Justice Court Clerks to place the tickets referred to in the Amended Agreed Statement of Facts and Proposed Recommendation on his desk for consideration on the Court dates listed in the Amended Agreed Statement of Facts and Proposed Recommendation. The Tickets were placed on the Docket and on Judge Williams' desk and disposed of on those court dates in the Justice Court Office pursuant to Section 9-11-5, Miss.Code Ann. (2001) The two Jefferson County Deputy Justice Court Clerks would have testified to the facts contained in this paragraph.[2]
The letter went on to say, however, that Judge Williams, wanting "to put this matter to rest and move forward in performing his duties" had signed the Amended Agreed Statement of Facts and Proposed Recommendation, which contained a provision that "counsel reserve the right to *346 submit additional statements in aggravation or mitigation along with the filing of this agreement."

AGREED FACTS
¶ 4. The conduct complained of in the first six counts in this case took place on six separate occasions, involved six different defendants, and occurred between September 13, 2001, and May 24, 2002. Count three was not proven nor admitted and is not included in the agreed statement.
¶ 5. Count one arose from the trial of James E. Adams, who was found guilty on three charges: driving under the influence, driving while his license was suspended, and having no proof of insurance in a trial. In that proceeding, Judge Williams did not place Adams under oath, the charging officer was not present, the prosecutor was allowed to introduce the charging affidavits as the only proof of guilt, and Adams's written waiver of his right to counsel was obtained only after the guilty verdict and without explanation.
¶ 6. Count two arose from the trial of Rezon W. King, on the same day as Adams's trial. Judge Williams dismissed all four charges against King: driving under the influence, careless driving, speeding, and no proof of insurance, because the charging officer was not present for the trial.
¶ 7. Counts four, five, and six arose out of Judge Williams's dismissal, on different days, of speeding charges (tickets) against Barbara A. Nix, Dereacer B. Turner, and Deborah H. McDonald. Even though none of these defendants appeared in court and their cases were not set for trial, Judge Williams entered findings of "not guilty" for each one. Nix also had an ex parte conversation with the judge on a prior date to ask him to "help her out on this ticket."
¶ 8. The only facts offered as mitigation in the amended agreed statement were that Judge Williams "has been advised" and "now understands the significance of a properly executed waiver of attorney" and "that a criminal affidavit alone does not constitute evidence upon which a defendant may be convicted." Further, he assured the Commission that conduct similar to that complained of in this case "will not recur in the future."
¶ 9. The record reveals an ambiguity regarding the mitigating facts which bears mention. The June 23, 2003, minutes of the Commission show no discussion on this, or any issue, regarding Judge Williams's discipline in general or the mitigating facts specifically. There is simply a motion by Judge Ray that the Commission accept and adopt the Agreed [not the Amended Agreed] Statement of Facts and Proposed Recommendation, seconded by Judge Wise and passed unanimously. The motion presently before this Court mentions both versions, and then states that the Commission accepted the Amended Agreed Statement. The record is entirely silent with regard to any mention of anything further by the Commission. For purposes of our decision, this Court has considered the additional mitigating facts submitted by Judge Williams, as under RMCJP Rule 10(E) we are to direct disciplinary action "based upon a review of the entire record."

DISCUSSION
¶ 10. In judicial discipline proceedings, the appropriate standard of review stems from Rule 10(E) of the Rules of the Mississippi Commission on Judicial Performance, which states: "[b]ased upon a review of the entire record, the Supreme Court shall prepare and publish a written opinion and judgment directing such disciplinary action, if any, as it finds just and proper. *347 The Supreme Court may accept, reject, or modify, in whole or in part, the findings and recommendation of the Commission."
¶ 11. This Court reviews the Commission's findings and recommendations de novothat is, this Court does not defer to the Commission but reviews the matter anew. Miss. Comm'n on Jud. Performance v. Perdue, 853 So.2d 85, 86 (Miss.2003). Nevertheless, the Commission's findings are given great deference when supported by clear and convincing evidence. Miss. Comm'n on Jud. Performance v. Chinn, 611 So.2d 849, 850 (Miss.1992). See Miss. Jud. Performance Comm'n v. Coleman, 553 So.2d 513, 515 (Miss.1989); In re Garner, 466 So.2d 884, 885 (Miss.1985).
¶ 12. A number of mitigating factors may be considered in this Court's determination of whether a public reprimand is a suitable sanction, including: the length and character of the judge's public service, any positive contributions made to the courts and community by the judge, the fact that there is no prior judicial precedent of the issue in question, a judge's commitment to fairness and innovative procedural reform, the magnitude of the alleged misconduct, and the number of persons who have been affected by the misconduct, and whether the misconduct involved moral turpitude. Miss. Jud. Performance Comm'n v. Hopkins, 590 So.2d 857, 862 (Miss.1991). Judge Williams made no submission related to any of these factors.
¶ 13. The Mississippi Constitution provides that the Court may remove from office, suspend, fine or publicly censure or reprimand any judge of this state for "willful misconduct in office; ... [and] conduct prejudicial to the administration of justice which brings the judicial office into disrepute." Miss. Const. art. 6, § 177A. This Court may also assess judges costs. Miss. Comm'n on Jud. Performance v. Russell, 724 So.2d 873, 874 (Miss.1998). Often the sanction for "fixing" tickets is a public reprimand, fine, and assessment of costs. See generally Miss. Comm'n on Jud. Performance v. Warren, 791 So.2d 194 (Miss.2001); Miss. Comm'n on Jud. Performance v. Boykin, 763 So.2d 872 (Miss.2000); Miss. Comm'n on Jud. Performance v. Bowen, 662 So.2d 551 (Miss.1995); Miss. Comm'n on Jud. Performance v. Gunn, 614 So.2d 387 (Miss.1993). See also Miss. Comm'n on Jud. Performance v. Warren, 791 So.2d 194 (Miss.2001).
¶ 14. Although there are unanswered questions regarding the mitigating facts in this case, we accept the recommendation before us, because it comes to us as an agreed recommendation. Judge Williams was represented by counsel, as was the Commission. There is nothing before us to indicate a need to set aside that agreement.

CONCLUSION
¶ 15. This Court is vested with broad discretion in determining whether to accept the agreement of the Commission and the judge regarding the appropriate discipline to be imposed. It is undisputed that Judge Williams and the Commission agreed upon the imposition of a public reprimand, a $228.50 fine which represents the amount of fines that would have been imposed in the three speeding cases, and costs of $100. The discipline imposed on Judge Williams is proportional with that imposed in similar cases, and this Court accepts the recommendation of the Commission and Judge Williams. The public reprimand order shall be forwarded to the Jefferson County Circuit Court to be read by the presiding circuit court judge, in open court with Judge Williams present on *348 the first day of the next court term, after this decision becomes final.
¶ 16. JEFFERSON COUNTY JUSTICE COURT JUDGE WINDELL WILLIAMS SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE OF THE JEFFERSON COUNTY CIRCUIT COURT ON THE FIRST DAY OF THE NEXT TERM OF THAT COURT AFTER THIS DECISION BECOMES FINAL, SHALL PAY A FINE OF $228.50, AND SHALL PAY THE COSTS OF THIS PROCEEDING OF $100.00.
SMITH, C.J., WALLER, P.J., EASLEY, CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.
NOTES
[1] Counts one through five involved violations which occurred prior to the April 4, 2002, revision of the Code.
[2] All but the last sentence of this requested language appeared in the original agreed statement of facts, but does not appear in the amended agreed statement of facts.