KITCHENS, Justice,
Concurring in Part and Dissenting in Part:
¶ 29. Because I would adopt the Commission’s recommended sanctions, and the majority significantly departs from them, I respectfully concur in part and dissent in part.
¶ 30. “Often the sanction for ‘fixing’ tickets is a public reprimand, fine and assessment of the costs.” Miss. Comm’n on Judicial Performance v. Bradford, 18 So.3d 251, 255 (Miss.2009) (citing Miss. Comm’n on Judicial Performance v. Warren, 791 So.2d 194 (Miss.2001); Miss. Comm’n on Judicial Performance v. Boykin, 763 So.2d 872, 872 (Miss.2000)). The Commission cites Warren, 791 So.2d at 198, and Boykin, 763 So.2d at 876, as comparable cases. In both instances, the offending judges were publicly reprimanded, fined, and assessed costs for dismissing traffic tickets without hearings and without notifying the State. Warren, 791 So.2d at 198; Boykin, 763 So.2d at 876. In those cases, this Court noted that there was no evidence that either judge had profited financially from his or her misconduct. Warren, 791 So.2d at 196; Boykin, 763 So.2d at 876. Likewise, in the present case, there is no evidence that Judge McKenzie received any monetary benefit for his actions.
¶ 31. Moreover, the Commission effectively distinguishes the cases that the majority cites to support its ordering a thirty-day suspension. In Mississippi Commission on Judicial Performance v. Sanford, 941 So.2d 209, 210 (Miss.2006), the justice court judge directed the sheriff to give orders to the arresting officer not to attend a hearing on a driving-under-the-influence charge. In Mississippi Commission on Judicial Performance v. Gordon, 955 So.2d 300 (Miss.2007), the judge spoke directly with the officer who had issued a number of speeding tickets and then, over the officer’s objections, told the defendants they did not need to appear in court. As the Commission correctly notes in its brief, “at no time did [Judge McKenzie] talk to the issuing officers’ superior, personally ask the issuing officers not to appear in court, or advise any of the defendants not to appear in court.” Thus, Gordon and Sanford are distinguishable.
¶ 32. The most recent case cited by the majority is Bradford, 18 So.3d 251, but that decision, with which I concurred, does not support suspending a judge who has admitted fixing tickets, including those assigned to another judge. As the majority correctly notes, the justice court judge in Bradford engaged in misconduct that went far beyond ticket fixing. Maj. Op. ¶ 18. The more egregious instances of Bradford’s misconduct included “engaging in ex parte communications in a rental-dispute case and subsequently ruling in favor of the party with whom he had the ex parte communications” and “ordering contempt warrants issued against individuals in the absence of pending charges against those individuals and in the absence of notice or a hearing for such individuals.” Bradford, 18 So.3d at 253. Moreover, Judge Brad *1228 ford attempted to interfere with charges of driving under the influence and failure to abide by a protective order, while Judge McKenzie’s ticket fixing involved charges of hunting game over bait, failure to wear hunter orange, hunting without a license, and littering. Judge McKenzie’s misconduct simply does not rise to the level of egregious misconduct found in Bradford, and the Commission correctly concluded that Judge McKenzie is not deserving of the same severe sanction.
¶ 33. Bradford reinforces my position that we should adopt the recommendation of the Commission. The majority in Bradford reasoned that “[t]his Court’s willingness to impose harsher penalties than those recommended by the Commission usually stems from the number of times the judge has appeared before the Commission (and subsequently this Court), rather than the number of complaints listed in each appearance.” Id. at 258. Like Bradford, Judge McKenzie does not have a disciplinary history with either the Commission or this Court. The difference is that Judge Bradford’s admitted misconduct significantly surpassed that of Judge McKenzie.
¶ 34. As in Bradford, we ought to adopt the Commission’s recommendation. Eight paragraphs of the joint findings of fact comprise the only “record” we have of Judge McKenzie’s conduct, and nothing in that brief recitation of facts is so egregious as to warrant harsher sanctions than those suggested by the Commission. Accordingly, I respectfully disagree with the imposition of a thirty-day suspension and would order a public reprimand, $500 fine, and assessment of costs.
DICKINSON, P.J., AND CHANDLER, J., JOIN THIS OPINION.